UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| WAYLAND D. HAMMONDS, | ) | |
|---|---|---|
| | ) | Case No. 2:23-cv-140 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| THOMAS HILL, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Plaintiff has filed a pro se complaint under 42 U.S.C. § 1983 concerning actions taken by the "police" of Washington, Carter, and Sullivan Counties (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, the Court will order Plaintiff to file an amended complaint and require him to submit a signed motion to proceed as a pauper.

### I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's motion to proceed without prepayment of the filing fees and costs is unsigned (*See* Doc. 1). Therefore, it contravenes Federal Rule Civil Procedure 11(a), which requires that every motion must be signed by a party personally if the party is unrepresented. *See* Fed. R. Civ. P. 11(a). Accordingly, the Clerk is **DIRECTED** to photocopy the signature page of Plaintiff's in forma pauperis motion and mail it to Plaintiff, who is **ORDERED** to affix his handwritten signature and return the signature page to the Court within fourteen (14) days of entry of this Order. Plaintiff is **NOTIFIED** that if he fails to sign and return the signature page to the Court, the Court will dismiss this action for failure to comply with an order of the Court.

## II.     SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). But Plaintiff's complaint contains a scattershot of allegations that are not tied to any substantive factual allegations, and it includes sets of claims unrelated to each other and against different Defendants. (Doc. 2.) Specifically, Plaintiff complains of actions taken by Carter County, Washington County, and Sullivan County police officers; actions taken by media companies; and he complains that people have "messed with" his electricity, slandered him, and had him lie under oath. (*See*, *generally*, *id*.) In short, Plaintiff's allegations are currently too unclear to permit the Court to conduct a full screening of the complaint.

Additionally, any claims not related to Plaintiff's initial claims against the Carter County Defendants appear misjoined in this action. While a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, Rule 20 does not permit a plaintiff to join unrelated claims against different defendants in one lawsuit. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.");

2

*Smith v. Lavender*, No. 2:22-cv-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4-5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

Because Plaintiff's allegations against any Defendants other than the Carter County Defendants are improperly joined, Plaintiff will not be permitted to bring those claims in this lawsuit. Instead, this action will address only Plaintiff's claims against Carter County and/or Carter County Defendants. The complaint before the Court is replete with information that seems to have nothing to do with Plaintiff's Carter County incarceration, and it is otherwise filled with conclusions and assessments that contravene the Federal Rules of Civil Procedure's requirement that a complaint contain "a short and plain statement of the claim" supported by allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d).

Therefore, Plaintiff will be permitted twenty-one (21) days from the date of entry of this Order to file an amended complaint that concerns only his claims against Carter County and Carter County Defendants.[1] In filing his amended complaint, Plaintiff should avoid broad, generalized statements. Rather, he should set forth the facts that led to him filing this lawsuit.

---

[1] If Plaintiff desires to bring claims against Sullivan County, Washington County, and/or other Defendants, he must file separate § 1983 actions for each set of unrelated claims.

3

That is, he should list (1) his specific allegations of wrongdoing, (2) the constitutional claim he is asserting because of that alleged wrongdoing, (3) the individual(s) responsible, and (4) any injury that resulted. Also, Plaintiff is **NOTIFIED** that the Court will summarily **DISMISS** any other misjoined claims without prejudice.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to forward Plaintiff a copy of the signature page of his motion to proceed *in forma pauperis*;

2. Plaintiff is **ORDERED** to affix his handwritten signature to the motion and return it to the Court within fourteen (14) days of entry of this Order;

3. Plaintiff shall have twenty-one (21) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

4. If Plaintiff fails to timely submit an amended complaint or return the signature page to this motion to proceed as a pauper, this action will be dismissed for failure to prosecute and comply with an Order of the Court; and

5. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**