UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| WAYLAND D. HAMMONDS, | ) | |
|---|---|---|
| | ) | Case No. 2:23-cv-140 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| THOMAS HILL, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a former prisoner, filed a complaint under 42 U.S.C. § 1983 and motion for leave to proceed *in forma pauperis*. After reviewing the filings, the Court ordered Plaintiff to attach his signature to his motion to proceed as a pauper, return the signature page to the Court, and file an amended complaint [Doc. 4]. Plaintiff returned a signed signature page of his motion [Doc. 6] but refused to file an amended complaint, maintaining that he was "not amending [his] rights" [Doc. 7]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** his complaint.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff, who is no longer incarcerated, filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute

specifically references the "assets such *prisoner* possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).

Plaintiff maintains that he is homeless, has no income or money in a banking account, and possesses only a Toyota automobile [Doc.1]. Therefore, it appears that Plaintiff lacks the financial resources to pay the filing fee in this case without undue hardship, and the Court **GRANTS** his motion to proceed *in forma pauperis* [Doc. 1].

II. **PLAINTIFF'S COMPLAINT**

A. **Failure to Prosecute/Comply with an Order of the Court**

After an initial review of Plaintiff's complaint, this Court determined it was not suitable for screening as filed and ordered Plaintiff to file an amended complaint [Doc. 4 p. 4]. The Court specifically warned Plaintiff that if he failed to timely file an amended complaint, it would dismiss this action "for failure to prosecute and comply with an Order of the Court" [*Id*. ¶ 4]. In response, Plaintiff returned to the Court a note refusing to amend his complaint, stating that "asking [him] to amend [his] lawsuit . . . is asking [him] to amend [his] constitutional rights" [*See*, *generally*, Doc. 7].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City*

*of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault, as he failed to follow an explicit direction of the Court. Second, the Court finds Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as no process has issued in this case. Third, Plaintiff was expressly warned that this Court would dismiss his case if he failed to file an amended complaint [Doc. 4 ¶ 4]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has demonstrated his refusal to follow the Court's instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court will **DISMISS** this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

### B. Plaintiff's Complaint Fails to State a Viable § 1983 Claim

Additionally, Plaintiff's complaint fails to state a cognizable § 1983 claim. Plaintiff's complaint names three different municipal departments and two individuals as Defendants, but it is unclear to the Court which claims go with which actors [Doc. 2 p. 4]. Plus, various other actors, such as Google, Facebook, and Bryan and Becky Miller, are named in the body of the complaint but not named as Defendants [*Id.*]. And Plaintiff has refused to amend his complaint for clarity [Doc. 7]. Nonetheless, out of an abundance of caution, the Court now screens Plaintiff's complaint.

#### i. Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen Plaintiff's complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding that the screening standard for plaintiffs proceeding *in forma pauperis* "is restricted neither to actions brought by prisoners, nor to cases involving government defendants").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the

4

PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### ii. Plaintiff's Allegations

Plaintiff maintains he was subjected to police brutality by the Carter County Police, and that the District Attorney tried him without an attorney in the Carter County courts [Doc. 2 p. 4]. He also claims that Carter County officers "made sexual comments, dragging [him] through [the] jail and in [the] shower"; let him lie in blood for days; took photos with their cell phones; fed him only two meals in three days; and yanked an IV from him [*Id.*]. He also claims that Defendant Thomas Hill forced him to take a Covid test and "squeezed [his] head where it was hit" [*id.*], and that Sheriff Mike Frayley "used [his] mental disability against [him] by following [him] and having people stand around [him]" [*id.*].

Plaintiff claims that Washington County Police "messed with" his electricity, had him incarcerated, and had people falsely claim on Facebook and other social media that he had raped them [*id.*]. He maintains that Sullivan County appointed him a lawyer who "had [him] to tell a

5

lie under oath" [*Id.*]. Plaintiff also contends that Bryan and Becky Miller harassed him in association with news stations that slandered his name and denied him freedom of the press [*Id.*].

### iii. Analysis

Plaintiff's claims are not properly joined in this action under Rule 20(a)(2). While a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4-5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)). Plaintiff has refused to amend his complaint to remedy this issue. Therefore,

the Court will **DISMISS** as misjoined Defendants Washington County Police and Sullivan County Police.  *See* Fed. R. Civ. P. 21 (providing court may add or drop a party for misjoinder or nonjoinder).  This leaves the named Carter County Defendants: the Carter County Police, Thomas Hill, and Sheriff Mike Frayley.

First, to state a claim against an individual officer, Plaintiff must adequately plead that the particular officer, by his or her own actions, has violated the Constitution.  *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).  This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority.  *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish. . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").  Plaintiff has not named an individual member of the Carter County Police as a Defendant.

And to the extent Plaintiff intends to sue the law enforcement office itself, neither a police department nor sheriff's office is a "person" subject to liability under § 1983.  *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))).  Also, Plaintiff has not alleged that any policy or custom of Carter County caused violations of his constitutional rights, and therefore, he does not state a claim against Carter County itself.  *See Monell*, 436 U.S. at 708 (Powell, J., concurring)

7

(explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Second, Plaintiff alleges that Defendant Hill (1) forced him to take a Covid test and (2) squeezed Plaintiff's head where he was hit [Doc. 2 p. 4]. But Plaintiff's complaint is devoid of any supporting facts that would allow the Court to plausibly infer these actions violated Plaintiff's constitutional rights. Therefore, these allegations fail to state a claim upon which relief may be granted under § 1983. *See Twombly*, 550 U.S. at 570 (dismissing complaint where plaintiffs failed to offer enough facts to "nudge[] their claims across the line from conceivable to plausible").

Finally, Plaintiff maintains that Sheriff Mike Frayley followed him and had people stand around him [Doc. 2 p. 4]. This claim, too, is factually insufficient to allow the Court to plausibly infer any violation of Plaintiff's constitutional rights. *See Twombly*, 550 U.S. at 570.

Therefore, the Court will **DISMISS** all the Carter County Defendants for Plaintiff's failure to state a claim against them.

### III.    CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff's complaint will be **DISMISSED** for failure to prosecute and comply with an Order of the Court and pursuant to 28 U.S.C. § 1915(e)(2)(B); and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**